**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES COLLINGS**, <br> *Plaintiff,* <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY**, <br> *Defendant.* | **CIVIL ACTION NO. 2:22-cv-0057** |

**MEMORANDUM**

**Baylson, J.**                                                                 **April 28, 2022**

## I.   INTRODUCTION

Plaintiff Charles Collings ("Plaintiff") brings a breach of contract action lodging three claims—breach of contract, a claim seeking a declaratory judgment, and a claim alleging bad faith—against his insurer, State Farm Fire and Casualty Company ("Defendant" or "State Farm") after Plaintiff's home sustained water damage.  Plaintiff alleges Defendant failed to adequately evaluate the damages Plaintiff's home sustained, failed to repair the damage, and failed to pay a contractor to repair the damage, all in violation of the homeowner's insurance policy the parties executed.  Defendant moves to dismiss portions of Plaintiff's Complaint and moves to strike other others.  For the foregoing reasons, Defendant's Partial Motion to Dismiss is GRANTED without prejudice and Defendant's Motion to Strike is GRANTED IN PART without prejudice and DENIED IN PART.

## II.   PROCEDURAL HISTORY

Plaintiff initiated this action in the Court of Common Pleas of Philadelphia County by Writ on June 17, 2021 and filed his Complaint on December 9, 2021.  ECF 1 (Notice of Removal from State Court) ¶ 2.  Plaintiff's Complaint avers three counts:

- Count I: a cause of action for breach of contract (Compl. ¶¶ 48–53);

- Count II: a cause of action seeking a declaratory judgment (Compl. ¶¶ 54–63); and

- Count III: a cause of action for violation of Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371 (Compl. ¶¶ 64–74).

On January 14, 2022, Defendant filed its Motion to Dismiss and Motion to Strike. ECF 3 (the "Motion"). Defendant moves to dismiss Plaintiff's Count II (Declaratory Judgment) arguing it is duplicative of Plaintiff's breach of contract claim contained in Count I. Mot. at 3–4.

Defendant also moves to strike aspects of Plaintiff's Count I (breach of contract). First, Defendant moves to strike Plaintiff's allegations, that Defendant breached the parties' insurance policy when Defendant failed to repair damage to Plaintiff's property or to allow Plaintiff to hire contractors to repair the damage, because Defendant argues the parties' policy does not create such a duty of Defendant. Mot. at 6–8. Second, Defendant moves to strike Plaintiff's request for attorneys' fees, arguing attorneys' fees are not recoverable in a breach of contract action absent express statutory authorization or agreement by the parties, neither of which Plaintiff alleged. Mot. at 5. Defendant also moves to strike Plaintiff's request for punitive damages, making a similar argument: punitive damages are not an available remedy to a breach of contract claim. Mot. at 5.

As for Plaintiff's Count III (violation of Pennsylvania's bad faith statute), Defendant moves to strike Plaintiff's demand for compensatory damages because Defendant contends Pennsylvania's bad faith statute does not authorize an award of such damages. Mot. at 5–6.

## III.   RELEVANT FACTUAL ALLEGATIONS

The Complaint alleges Plaintiff purchased a homeowners insurance policy from Defendant (Policy No. 7B-B8-A472-9, the "Policy") to insure him should his home sustain certain types of damage. Compl. ¶¶ 1, 3. Plaintiff retained an independent contractor, E.B. Mahoney Builders,

Inc., to renovate parts of his home including but not limited to Plaintiff's roof and HVAC system. Compl. ¶¶ 2, 18. In July 2020, about one month into E.B. Mahoney's renovations, Plaintiff discovered "severe water damage" to his home. Compl. ¶ 24. Specifically, Plaintiff noticed the ceiling above the top floor of his home was wet and water had run down the walls through the HVAC vents. Compl. ¶ 24(i). Plaintiff also discovered water in other areas of his home, including but not limited to the walls located near his master bathroom, in the living room, the ceiling of a bedroom on the first floor, in the basement, and on his kitchen floor. Compl. ¶ 24. Eventually, approximately half of the ceiling of Plaintiff's top floor master bedroom collapsed. Compl. ¶ 24. Contrary to E.B. Mahoney's assurances that the July 2020 water infiltration was caused by a misplaced tarp that had since been remedied, a similar incident in which water infiltrated several floors of Plaintiff's home occurred again on August 4, 2020. Compl. ¶¶ 25–28. Water continued to infiltrate Plaintiff's home on additional occasions throughout August 2020 despite E.B. Mahoney's assurances that it remedied the cause of the water infiltration after each incident. Compl. ¶¶ 29–34.

Plaintiff alleges his home and personal belongings sustained damage from the water infiltration, and Plaintiff avers the damage to his home was so severe that it caused him to vacate the property in September 2020. Compl. ¶¶ 37–38.

Plaintiff alleges he contacted his insurer, Defendant State Farm, regarding the water damage his home sustained, and that Defendant "acknowledged by letter dated January 26, 2021 that the damages submitted by the Plaintiff were a 'covered loss' due to the installation of inadequate temporary roof [by E.B. Mahoney]." Compl. ¶ 41. Although Plaintiff acknowledges Defendant sent representatives to inspect Plaintiff's property, Plaintiff alleges Defendant did nothing more. Compl. ¶¶ 42–43. As of the date of Plaintiff's Complaint, Plaintiff alleges

Defendant, in violation of the Policy, failed to evaluate the damages Plaintiff sustained, repair the property itself, and/or agree to pay a contractor to make the necessary repairs to Plaintiff's home. Compl. ¶¶ 44–47.

## IV.    DISCUSSION

### A.    MOTION TO DISMISS COUNT II (DECLARATORY JUDGMENT)

#### 1.    Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

2.      **Discussion of Count II: Declaratory Judgment**

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant moves to dismiss Plaintiff's Count II, seeking a declaratory judgment, because Defendant argues it is duplicative of Plaintiff's Count I for breach of contract.  Mot. at 3–4.  Defendant contends the counts are duplicative because, as they are written, determination of Count I will necessarily resolve Count II.  Mot. at 4.  In response, Plaintiff makes no ascertainable argument, legal or factual, regarding the alleged duplicity of his Count II with Count I.  Pl. Resp. at 5–6.  Instead, Plaintiff submits that he "demands coverage", "does not understand the basis for [Defendant's] refusal to take action consistent with the Policy" and that at this stage in the case, Defendant's "lack of responsiveness . . . certainly appears plausible."  Pl. Resp. at 6.  Plaintiff contends it is only after Defendant supplies Plaintiff with a reason for its response, or lack thereof, to Plaintiff's request for coverage, that "a final determination" can be made regarding "whether relief [] may[] be required."  Pl. Resp. at 7.

In Count I for breach of contract, Plaintiff alleges, "Defendants' actions constitute a breach of the [] Policy terms and contractual obligations" (Compl. ¶ 52) so Plaintiff seeks a "judgment against the Defendant for breach of contract; actual, compensatory and punitive damages, attorneys' fees, costs of suit and other such relief."  Compl. ¶ 53.  In Count II for a declaratory judgment, Plaintiff alleges "Defendant'[s] actions constitute a breach of the [] Policy terms and contractual obligations" (Compl. ¶ 62) so Plaintiff seeks, "a declaratory judgment ordering that the Policy covered Plaintiff's claim and requiring the Defendant pay to Plaintiff the benefits accrued under the Policy."  Compl. ¶ 63.  Count II (declaratory judgment) is duplicative[1] of

---

[1] Plaintiff's declaratory judgment claim seeks a judgment stating Defendant breached their obligations it owed to Plaintiff under the Policy, the same relief that will necessarily be afforded Plaintiff should he succeed on his breach of contract (breach of the Policy) claim.  Nova Financial Holdings Inc. v. Bancisure, Inc., CIV. A. No. 11-07840, 2012 WL 1322932, at *4 (E.D. Pa. Apr. 2012) ("A crucial element in every breach of contract action requires a showing of some breach of some duty owed.").

Plaintiff's Count I (breach of contract) because resolution of Plaintiff's breach of contract claim—whether Defendant did, in fact, breach the terms of the Policy—will necessarily decide the issue presented by Plaintiff's declaratory judgment claim and will give the relief it seeks.  See Smithkline Beecham Corp. v. Continental Ins. Co., CIV. A. No. 04-2252, 2004 WL 1773713, at *2 (E.D. Pa. Aug. 4, 2004) (Baylson, J.) (dismissing plaintiff's declaratory judgment claims because resolution of plaintiff's breach of contract claims "require[d] resolution of the same issues" and plaintiff could be afforded "full relief on its breach of contract claims, and will, therefore, suffer no prejudice from the dismissal of its declaratory judgment claims."); see also Butta v. GEICO Casualty Co., 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019) ("Judges in our district decline to issue a declaratory judgment when the claim for breach of contract would necessarily involve adjudication of the issues implicated in the claim for declaratory relief.").  Because Plaintiff seeks the same relief in Counts I and II and because resolution of Count I will necessarily resolve Count II, Defendant's Motion to Dismiss Plaintiff's claim for a declaratory judgment (Count II) is GRANTED without prejudice.

## B.   MOTION TO STRIKE

### 1.   Standard

FED. R. CIV. P. 12(f) provides, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" Steak Umm Co., LLC v. Steak 'Em Up, Inc., CIV. A. No. 09-2857, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009) (citing Johnson v. Anhorn, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004).  To prevail on its motion to strike, Defendant must prove "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the

issues in the case." <u>Overbrook Properties, LLC v. Allstate Indemnity Co.</u>, CIV. A. No. 18-630, 2018 WL 3439616, at *3 (E.D. Pa. July 17, 2018) (Baylson, J.) (quoting <u>River Road Dev. Corp. v. Carlson Corp.</u>, CIV A. No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990). "A demand for damages . . . may be stricken when the damages are not legally recoverable in the cause of action." <u>Dehart v. HomEq Servicing Corp.</u>, 679 F. App'x 184, 189 (3d Cir. 2017).

**2.    Discussion of Count I: Attorneys' Fees and Punitive Damages**

*i.    Parties' Contentions*

Defendant argues Plaintiff's request for attorneys' fees contained in his Count I breach of contract claim (Count I) should be struck because "attorneys' fees are not recoverable in a breach of contact action absent [] express statutory authorization, [] clear agreement of the parties[,] or some other established exception." Mot. at 5 (internal citations omitted). Plaintiff admits a claim for breach of contract "does not suffice for [attorneys' fees and punitive damages]" and, in direct contravention of his Complaint, argues a breach of contract claim "is not the operative law that Plaintiff seeks such relief under." Pl. Resp. at 4. Instead, Plaintiff argues he seeks attorneys' fees only under a theory of a bad faith violation of the Policy. Pl. Resp. at 5.

Likewise, Defendant argues Plaintiff's request for punitive damages in Count I must be struck because punitive damages are an unavailable remedy for a breach of contract claim. Mot. at 5–6. In response, Plaintiff argues his request for punitive damages was proper because "if [Plaintiff] established not only a breach of the policy terms, but 'bad faith' in connection therewith" then punitive damages are available for a bad faith breach of contract. Resp. at 4–5.

*ii.    Discussion of Attorneys' Fees*

Pennsylvania law does not permit an award of attorneys' fees for a breach of contract claim. "This Court has consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear

agreement by the parties or some other established exception." <u>Merlino v. Del. Cnty.</u>, 556 Pa. 422, 425 (Pa. 1999); <u>see also</u> <u>Yellow Transp., Inc. v. DM Transp. Mgmt. Servs., Inc.</u>, CIV. A. No. 06-1517, 2006 WL 2871745, at * 4 (E.D. Pa. July 14, 2016) (striking plaintiff's request for attorneys' fees because a "plaintiff may not recover attorneys' fees or punitive damages under [a] breach of contract claim" absent the aforementioned exceptions delineated by the <u>Merlino</u> Court).

In the present matter, Plaintiff fails to identify any express statutory authorization for his request for attorneys' fees in Count I, any agreement by the parties that permits recovery of attorneys' fees for a breach of the Policy, nor any other "established exception." Indeed, Plaintiff admits that if he "only proves a 'mere' breach of contract claim-and nothing more, than Plaintiff's claim [for attorneys' fees] may be properly dismissed." Pl. Resp. at 5 n.2. And despite Plaintiff's argument to the contrary, he *does* seek attorneys' fees for his breach of contract claim *in addition to* his request for them in his claim of statutory bad faith (Count III). <u>See</u> Compl. ¶¶ 53 ("Plaintiff demands judgment against the Defendant for breach of contract . . . [and] attorneys' fees."); <u>see also</u> Compl. ¶ 74 ("Plaintiff respectfully request judgment consistent with the [Pennsylvania Bad Faith Statute, 42 Pa. Const. Stat. § 8371] for . . . attorneys' fees.").

### iii.     Discussion of Punitive Damages

Similar to attorneys' fees, punitive damages are not a legally recoverable remedy for a breach of contract claim. <u>Dehart v. HomEq Servicing Corp.</u>, 679 F. App'x 184, 189 (3d Cir. 2017) ("Under Pennsylvania law, punitive damages are not recoverable in a breach of contract claim."); <u>see also</u> <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 147 (3d Cir. 2000) ("[U]nder Pennsylvania law, punitive damages are not recoverable in an action solely based upon breach of contract.") (internal citations omitted); <u>Yellow Transp., Inc.</u>, 2006 WL 2871745, at * 4 ("[P]unitive damages are unavailable for a breach of contract action under Pennsylvania law."); <u>Standard Pipeline Coating</u>

Co., Inc. v. Solomon & Teslovich, Inc., 496 A.2d 840, 844 (Pa. Super. Ct. 1985) ("It has been held that punitive damages will not be assessed for a mere breach of contractual duties.").

Plaintiff conflates his statutory claim of bad faith pursuant to 42 Pa. Cons. Stat. § 8371, which provides for an award of punitive damages against an insurer, with his common law breach of contract claim, which does not permit punitive damages. Compare Compl. ¶¶ 48–53 with Compl. ¶¶ 64–74. As a matter of law, Plaintiff cannot recover punitive damages if he succeeds on his breach of contract claim.[2] Accordingly, Defendant's Motion to Strike Plaintiff's requests for attorneys' fees and punitive damages from Count I (breach of contract) of the Complaint is GRANTED without prejudice.

### 3.   Discussion of Count I: Unsupported Duties

Defendant moves to strike Plaintiff's contention that Defendant had a duty to repair and/or to allow Plaintiff to hire contractors to repair damage to his home pursuant to the Policy. Mot. at 7. Defendant argues the Policy does not obligate Defendant to repair any damage nor to permit Plaintiff to hire a contractor to repair any damage; instead, Defendant maintains it is only obligated to pay the costs of certain repairs certain types of covered damage require. Mot. at 6–7. Plaintiff agrees that the Policy obligates Defendant to pay the cost of reconstructive repairs, so he contends his Complaint correctly alleges Defendant violated this obligation under the Policy when Defendant failed to repair Plaintiff's property and failed to allow Plaintiff to hire a contractor to repair the damage to his property. Resp. at 7.

The Court is unpersuaded by Defendant's arguments to strike these alleged duties because Plaintiff's allegations are not "so unrelated to [Plaintiff's] claims as to be unworthy of any consideration" (Steak Umm Co., LLC, 2009 WL 3540786, at *2) and they may very well possess

---

[2] This result does not foreclose Plaintiff's ability to receive punitive damages should he succeed on his 42 Pa. Const. Stat. § 8371 claim.

some "possible relation to the controversy" in this case. Overbrook Properties, LLC, 2018 WL 3439616, at *3. "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999); McShea v. Philadelphia, 606 Pa. 88, 995 A.2d 334, 340 (Pa. 2010). Plaintiff may have failed to allege the essential terms of the Policy, those terms that created Defendant's alleged duty to repair Plaintiff's home and/or to authorize Plaintiff to hire a contractor to make said repairs. Plaintiff did not point the Court to any contractual provision of the Policy that actually obligated Defendant to physically repair Plaintiff's home as Plaintiff alleges Defendant had a duty to do. Likewise, Plaintiff failed to point to a provision that obligated Defendant to grant Plaintiff permission to hire a contractor to repair the damage to Plaintiff's home. Although these duties may be factually underdeveloped at this time, they do relate to the primary controversy in this case: whether or not Defendant violated the terms of the Policy. Accordingly, Defendant's Motion to Strike Plaintiff's allegations of Defendant's purported duties from Count I (breach of contract) of the Complaint is DENIED.

### 4.   Discussion of Count III: Compensatory Damages (CONCEDED)

Defendant moves to strike Plaintiff's Count III request for compensatory damages arguing Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371, does not authorize an award of compensatory damages. Mot. at 5. Plaintiff concedes point. Resp. at 2 n.1. Accordingly, Defendant's motion to strike Plaintiff's request for compensatory damages in Count III is GRANTED as unopposed.

## V.   <u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED without prejudice, Defendant's Motion to Strike is GRANTED IN PART without prejudice and DENIED IN PART.  An appropriate Order follows.

O:\CIVIL 22\22-57 Collings v. State Farm\22cv57 Memo Re MTD.docx